STARK.
August, 1818.

Fogle
v.
Hanlan.

---

## STARK COUNTY—AUGUST TERM, 1818.

PRESENT—TAPPAN, *President;* HOOVER, COULTER AND HENRY, *Associates.*

## FOGLE vs. HANLAN AND OTHERS.

It is not duplicity in pleading since the "act to organize the judicial courts, and regulate their practice," to set out in a declaration on a bond, several breaches of the covenants contained in the condition. Cases within the 50th section, are those where the whole of the covenants are at an end. Those within the 51st section are such as have some covenants broken and some remaining for further time. It is not necessary to take out an execution before bringing suit on an injunction bond.

DEBT ON AN INJUNCTION BOND.

THE declaration set out the bond and condition; the bond was in the usual form: the condition, after reciting that the plaintiff had obtained a judgment against the defendant, Hanlan, in the common pleas of Stark county, and that the defendant had obtained the

allowance of an injunction, provided that the bond should <span style="float:right">STARK.<br>August, 1818.</span> be void in case the obligors should pay all monies and costs due, or to become due, to the obligee, the plaintiff in the action at law, and also all such costs as should be awarded against him in case the injunction should be dissolved. The declaration then stated the dissolution of the injunction, and that the defendants had neglected to pay the amount of the judgment enjoined, and also the costs in the chancery suit.

Special demurrer to the declaration, and joinder.

The causes of demurrer assigned and relied upon, are: 1st, That the declaration is double, in assigning two breaches, to wit, the non-payment of the judgment and the non-payment of the costs in the chancery suit. 2d, That it is not shown that any execution had been sued out against the principal in the judgment.

HALLOCK and WRIGHT, in support of the demurrer, cited 1st Selw. N. P. 612, 13, 14, 15 & 16, and note 64, 1st Chitty, 230; 14 vol. Stat. 329 and 284. LATHROP and GOODENOW, contra.

PRESIDENT.—I am far from being satisfied, that this declaration is double; but it is not necessary to decide this point; for what would have been duplicity at common law, in actions of this kind, is no longer such under the operation of our statute. The customary form at common law, in actions upon bonds with penalties, conditioned for the performance of covenants, was to declare on the bond merely; to which the defendant, after craving oyer of the condition, usually pleaded performance. To this the plaintiff replied: a breach of one of the covenants, and upon issue joined and proof of such breach, the plaintiff was entitled, not only to recover the penalty that being the legal debt, but also to take out execution for it. Although the penalty far exceeded, in amount, any damages which he had sustained by the breach of the condition; judgment was also given for the penalty upon demurrer and default, and the defendant could only obtain relief by application to a court of equity. This evil was remedied in England, by 8th and 9th W. 3. c. 11 S. 8; and partially in this state, by the 50th & 51st sections of the act to organize the judicial courts and regulate their practice. At common law the plaintiff entitled himself to recover the penalty of his bond, by shewing a breach of any one of the covenants contained in the condition; it was therefore unnecessary, superfluous and duplicity, in pleading to set out more than one breach either in the declaration or replication. But when the penalty was no longer to be considered as the legal

STARK.
August, 1818.

Fogle
v.
Hanlan.

debt, but the extent of the plaintiff's equitable claims might give a rule for the amount of the judgment, it became necessary that those claims should be placed on record, either by stating all the breaches of covenant for which damages were demanded in the declaration or making a formal assignment of them; and although the latter mode is the only one *required* by the statute, yet I think the former more convenient and consistent with good pleading. A substantial compliance with the statute, in cases where by *that* it would be necessary to assign breaches, are not to be considered as duplicity in cases to which the statute may not extend; and this method of setting out breaches in the declaration, agrees with the practice of the best English pleaders: 1st Saund. 58 n. (1.)—the 51st section of our statute is copied from the latter part of the section of the statute of Wm. 3. before referred to, and the 50th section may have been supposed an improvement upon the former part of it. It is to be regretted, that, in adopting the principle contained in the English statute, the whole section was not adopted with such variations as time and experience had shewn the propriety of; judgment might then have been entered for the penalty as at common law, and the interposition of a court of chancery rendered unnecessary by restraining the levy to the amount due in equity. By the 50th section "in all cases brought to recover the forfeiture annexed to any article of agreement, covenant bond or specialty, where the forfeiture or non-performance shall appear by the default or confession of the defendant, or upon demurrer, the court before whom the action is, shall render judgment therein for the plaintiff to recover so much as is due according to equity"—in the cases mentioned in this section, the judgment cannot be entered for the penalty, but must be entered for so much as is due according to equity; the 51st section goes on to provide, that when such judgment shall be given, the plaintiff may assign breaches, &c.—it provides also for staying execution on the judgment after the damages are paid, for the judgment remaining as security for future breaches, and for proceeding, on it by scire facias—the judgment intended in the 51st section, must be a different one from that directed in the 50th section, and can be no other than a judgment for the penalty, for if it is a judgment for so much as due in equity, when that is paid, there is no judgment to stay the execution of, or on which a scire facias may be sued out. The 50th section must be confined then to cases in which the whole of the covenants or conditions are broken or performed; in

such, no injustice would be done by rendering judgment <span style="float:right">COLUMB'ANA.<br>August, 1818.</span> for so much as appeared to be really and equitably due <span style="float:right">The Manf. and</span> to the plaintiff; and the judgment intended by the 51st <span style="float:right">Mercantile Co.<br>of Sandy</span> section, is the common law judgment for the penalty— <span style="float:right">v.<br>Schoolly.</span> in this way, these two sections of the statute may be reconciled. Neither of these sections extend to the case of a bond conditioned for the payment of a less sum at a day and place, certain ; *that* is provided for by the 53d section of the same statute. This statute having thus, in one case, required the Court to render judgment for the sum due in equity, and in another to determine the sum which the plaintiff should be restricted to levy on execution—it became the most convenient practice to set out all the breaches of covenant in the declaration.—The other matter assigned as cause of demurrer, that execution was not sued out against Handlan, is of no weight, the condition of the bond is for paying all money and costs due, or to become due to the other party in the action at law; and also all such costs as shall be awarded against him, in case the injunction shall be dissolved. If the condition had been, that the principal should pay, or render himself up, or that the bail would do it for him, an execution must have issued, but the undertaking is to pay the money on the dissolution of the injunction—a surrender of the defendant's body would be no discharge of this obligation. The demurrer overruled.